**FRANTZ, ESTATE OF, In Re**

Probate Court, Franklin Co.

No. 83,811. Decided Mar. 7, 1939.

James I. Boulger, Columbus, for executors.

David K. Larrimer, Columbus, for Tax Commission of Ohio.

## OPINION

By McCLELLAND, J.

This matter comes on to be heard upon exceptions by the Executors herein to the determination of the Inheritance Tax charged against Jessie G. Frantz, and to the method used in computation of the tax, also upon exceptions of the Tax Commission of Ohio, to the appraisement of certain assets.

**First Branch of Exceptions of Executors.**

The facts are, that Joseph H. Frantz, decedent, executed a last will and testament on June 21, 1932, which was probated after his death, Item two of which provides:

"If my wife, Jessie G. Frantz, shall survive me. I give, devise and bequeath to her the following real and personal estate, to-wit, to be hers absolutely:

"(a) My residence in Bexley, Franklin County, Ohio. being Lots numbered Seven and Eight (7 and 8) in Block Number Five (5) as amended, of Logan M. Bullitt's Subdivision of lands in said Marion Township, Franklin County, Ohio, known as Bullitt Park, as said lots are designated and numbered on the plat of said subdivision, as the same appears of record in Volume 4, pages 416, 417 and 418, records of Plats of Franklin County, Ohio, and as said amended plat appears of record in Volume 5 page 63, Record of Plats of said County; and being the same premises conveyed to me by deed of Elizabeth Van Horn, dated June 12, 1914, and recorded in Volume 568, page 128, of the Deed Books in the office of the Recorder of Franklin County, Ohio.

"(b) All of my household furniture, wearing apparel, pictures, books, jewelry and all articles of use and ornament of which I may be possessed, at the time of my death, in my residence at Bexley, Ohio, and all automobiles and automobile accessories, furniture and other articles which may be in my garage at my residence at the time of my death; all to be delivered to her without inventory immediately after my death.

"In the event my said wife does not survive me, I give the real estate and personal property described in this Item II to my daughter, Gretchen Runkle, to be hers absolutely."

On December 17, 1935, a codicil to his will was executed by said Joseph H. Frantz, Item One of which provides:

"Having this day made and delivered to my wife, Jessie G. Frantz, a deed for my residence in Bexley, Franklin County, Ohio, being Lots Seven and Eight in Block No. Five, as amended, of Logan M. Bullitt's Subdivision, known as Bullitt Park, and being the premises described in Item II of said Will of June 21, 1932, and having transferred and conveyed to her the furniture and other personal property in my residence given to her by said Item II of said Will, said Item II is no longer operative and I therefore cancel and revoke Item II of said Last Will and Testament made by me on June 21, 1932."

Joseph H. Frantz died on August 19, 1938. Sec. 5332 GC provides:

"Sec. 5332—Property on which tax levied. A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:
* * *
3. When the succession is to property from a resident, or to property within this state from a nonresident, by deed, grant, sale, assignment or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property: (a) In contemplation of the death of the grantor, vendor, assignor, or donor, or (b) Intended to take effect in possession or enjoyment at or after such death."

The record shows that this transfer was without a valuable consideration, and that it was distributed as it would have passed under the will. The case of **Tax Commission v Parker, reported in 117 Oh St 215**, is the controlling case in Ohio on the taxability of transfers, the 4th syllabus of which reads as follows:

"4. The controlling fact in determining whether a transferor made the transfer of property in contemplation of death is whether the purpose of the transfer was to distribute or partially distribute his estate, or was simply to do an act of generosity or kindness."

Since the transfer was made more than two years prior to death, the burden of proof as to its taxability is cast upon the Tax Commission. In the opinion in the Parker case, we find the following language at page 223:

"* * *, the record discloses that the property was transferred without a valuable consideration; that it was upon the part of the donor the beginning of a systematic distribution of property, such a distribution of property as a person would make by will, and had for its purpose such purpose

as would actuate the mind of a person making a will; that the evidence of statements made by the donor indicates such purpose; that the gifts made subsequent to such statements appear to have been made in pursuance of such purpose, and that this distribution of his property in advance of his demise was a distribution in the manner he would have it distributed after death, and that the outstanding purpose of the donor was to distribute his property."

The Court feels that this burden has been met by the Tax Commission for the record shows that there was no valuable consideration for the transfer; that it was distributed as it would have passed under the will; and that the execution and delivery of the deed was an act on the part of the grantee in furtherance of his will and to enable his grantee and legatee to enjoy the property in advance of his death.

The first branch of the exceptions of the Executors is therefore overruled.

### Second Branch of Exceptions of Executors

Exceptions are taken to the method of determination of the tax whereby the personal exemption is deducted from the first $25,000.00 and the initial or 1% rate is applied to the difference between $25,000.00 and the exemption. The argument in support of this exception is that the exemption should be first deducted from the entire estate and then applying the initial or 1% rate to the next $25,000.00 of the estate.

The original statute on rates of taxation of successions passing to persons mentioned in the first and second subparagraphs of §5334 GC, is found in §5335 GC, as follows:

"One per centum on the excess of the value of the property over the exemptions up to and including the sum of twenty-five thousand dollars."

This provision governed all computation in cases where death occurred prior to July 23, 1939.

Sec. 5335 GC was amended so that the computation in cases where death occurred subsequent to July 23, 1929, is governed by the following paragraph found in §5335 GC:

"One per centum on such portions of the value of the property transferred up to and including the first twenty-five thousand dollars as shall be in excess of the exemption therein provided."

In the instant case the widow, Jessie G. Frantz is found to receive a succession of $368,252.20. The tax is computed as follows:

| | | |
|---|---|---|
| $368,252.20 | | |
| 5,000.00 | Deducted as personal exemptions | |
| $363,252.20 | | |
| 20,000.00 | Deducted and taxed at 1% _____$ | 200.00 |
| $343,252.20 | | |
| 75,000.00 | Deducted and taxed at 2% _____ | 1,500.00 |
| $268,252.20 | | |
| 100,000.00 | Deducted and taxed at 3% _____ | 3,000.00 |
| $168,252.20 | Taxed at 4% _____ | 6,730.09 |
| | Total Tax _____$11,430.09 | |

By argument of the exceptors, the tax would be computed as follows:

| | | |
|---|---|---|
| $368,252.20 | | |
| 5,000.00 | Deducted as personal exemption | |
| $363,252.20 | | |
| 25,000.00 | Deducted and taxed at 1% _____$ | 250.00 |
| $338,252.20 | | |
| 75,000.00 | Deducted and taxed at 2% _____ | 1,500.00 |
| $263,252.20 | | |
| 100,000.00 | Deducted and taxed at 3% _____ | 3,000.00 |
| $163,262.20 | Taxed at 4% _____ | 6,530.09 |
| | Total Tax _____$11,280.09 | |

It is thus seen, that had Joseph H. Frantz died prior to July 23, 1929, $5,000.00 of the succession passing to Jessie G. Frantz would have been taxed at 1%. However, since he died subsequent to July 23, 1929, said $5,000.00 is, instead, taxed at 4%.

Any personal exemption granted by statute, as that of $5,000.00 to a widow, as in this case, should, in its application, be of equal application and benefit to all widows. Under the method of computation of tax claimed by the Executor, the widow in this case would benefit by having $5,000.00 of her succession taxed at 1% instead of 4%.

Since the amendment which took effect July 23 1929, all widows receive their common personal exemption of

$5,000 each, and the balance, of each widow's succession is taxed at the same rates of taxation in all cases. There is a uniform saving to each widow of $50.00 being the tax at 1% on $5,000.00.

The second branch of the executors is therefore overruled.

### Exceptions of The Tax Commission.

Exceptions are filed by the Tax Commission to the appraisal of certain assets of the estate, namely, promissory notes of Harry M. Runkle of a total face value of $366,260.13, which notes were appraised and taxed at a valuation of $205,500.00.

The Court is of the opinion that sufficient evidence was not produced at the hearing to show that said notes were of any greater value than the appraised value of $205,500.00.

The exceptions of the Tax Commission are therefore overruled. An entry may be drawn accordingly.